## Case No. 10,299.

### NORMAN v. INSURANCE CO. OF NORTH AMERICA et al.

[7 Chi. Leg. News, 173; 4 Ins. Law J. 827.]

Circuit Court, S. D. Illinois. Jan., 1875.

INSURANCE COMPANIES—AUTHORITY OF AGENT TO INSTITUTE CRIMINAL PROCEEDINGS.

[Though the agent of an insurance company has an implied right to investigate the origin of a fire on premises insured by such company, and to employ a detective for that purpose, the company is not responsible for the act of the agent in instituting criminal proceedings against a person suspected of setting the fire, unless such act was authorized by general or special instructions to the agent, or was ratified by the company, with knowledge of what had been done.]

These companies [The Insurance Company of North America, the Franklin Fire Insurance Company of Philadelphia, and the Aetna, Phoenix, and Hartford Insurance Company of Hartford, Conn.] in December, A. D. 1872, had insurance on Mr. Chapman's store at Carbondale, Illinois, in which Norman was a clerk, which was burned. Upon the advice of a detective, Norman was arrested as the incendiary, but the information inculpating him subsequently proved false. Norman, therefore, brought suits against all of the above-named companies for a conspiracy to arrest him and for false imprisonment. The question as to whether the agents of the companies authorized the arrests, or whether the detective acted upon his own responsibility, was a disputed fact; but in reference to the liability of the companies in the case the jury should find the arrest to have been authorized, Judge TREAT charged the jury as follows.

Joshua Allen and Duff & Lemma, for plaintiff.

Leonard Swett and Edwards & Knapp, for defendants.

TREAT, District Judge (charging jury). I wish to say to counsel, that there is an important proposition in this case which I am called upon to decide, and I hope, if my views do not meet theirs, exceptions will be made so that the question can be reviewed hereafter. My view in brief of the case is that the agents of these insurance companies had the implied right, when this fire took place, to investigate the question of whether it was an incendiary fire or not. The companies of course would be interested in such an investigation, because, if it should turn out that the place was set on fire by the insured or anybody by his connivance, it would avoid the policies, and that would relieve them from paying the amount. I think, too, in that connection, that these agents had the right to employ a detective to make that investigation, and that their acts in making the investigation and employing the detective would be binding on the company. But the question of instituting criminal proceedings, I think, is a very

different thing. These insurance companies have no more interest than any citizen in the question, whether criminal proceedings are to be instituted or not; they are not any more bound than any other citizen to institute any such proceedings. And my opinion clearly is, that these agents, from their general employment as adjusters, had no right of themselves to institute such proceedings, unless they had authority from the company. If the company had authorized them to institute criminal proceedings, whenever they thought it necessary in their discretion, then their act would bind the companies, or if the companies authorized them to make the arrest in this particular case, the companies would be bound. Perhaps the companies might be bound in another way. If, after the arrest was made, all the facts were reported to the companies, they might approve and ratify the acts of their agents, and make themselves liable for what they did not originally authorize.

In this view of the case, I shall instruct the jury, that they cannot find a verdict against these defendants. or any of them, unless they were authorized to commence these criminal proceedings by the companies, either by general or special instructions. Or if the jury should believe, from the evidence, that these agents set this prosecution on foot, and they afterwards reported their acts to the companies, and that they indorsed or ratified their acts, that would make the companies liable.

Mr. Swett: We would ask the court to instruct that if they find that the arrest was ratified, such ratification must be from the company at headquarters, and could not be by the same agents who made the arrest.

THE COURT: Yes, it must be by the companies, upon receiving these facts from their agents.

Mr. Allen: As to the act of the company, that could be proved, of course, by circumstances, like any other act. It was not necessary to show any resolution.

THE COURT: I don't say it would require a formal resolution on the part of the company, but the jury should be satisfied in order to find against these companies that they did authorize this prosecution.

Mr. Swett: That is, the companies themselves.

THE COURT: Yes, not the agents who were here on the ground. I admit that there is a good deal in this important question, and I hope it will be preserved in this case, so it can be reviewed.

THE COURT: Do you wish the jury to pass upon this question, or do you regard this view of the court correct?

Mr. Allen: Yes, sir, I think so; I suppose there is no question that the jury can find against all or a part of the companies.

THE COURT: The jury can find a verdict of guilty against all, or in part. The jury may retire.